IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

```
FILED
IN OPEN COURT

OCT 2 8 2025

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA
```

|                                 |                    |
| ------------------------------- | ------------------ |
| UNITED STATES OF AMERICA        |                    |
| v.                              | No. 1:25-CR-46-LMB |
| ELEVIEW INTERNATIONAL INC.,     |                    |
| Defendant.                      |                    |

PLEA AGREEMENT

Lindsey Halligan, United States Attorney for the Eastern District of Virginia; the

Counterintelligence and Export Control Section of the National Security Division of the U.S.

Department of Justice; undersigned counsel for the United States; the defendant, ELEVIEW

INTERNATIONAL INC.; and the defendant's counsel have entered into an agreement (hereafter

"Agreement") pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The

terms of this Plea Agreement are as follows:

1.    **Offense and Maximum Penalties**

The defendant agrees to plead guilty to Count 1 of the Indictment, charging the defendant

with conspiracy to violate the Export Control Reform Act ("ECRA"), in violation of 50 U.S.C. §

4819(a)(1), (a)(2)(F). The maximum penalties for this offense are: a term of probation of at least

one year and up to five years; a fine of $1,000,000 or twice the gross pecuniary gain or loss from

the offense, *see* 18 U.S.C. § 3571(d), full restitution, forfeiture of assets as outlined below, and a

$400 special assessment pursuant to 18 U.S.C § 3013.

2.    **Corporate Authorization**

The defendant agrees that this Agreement will be executed by Oleg Nayandin, the

President and Chief Executive Officer of ELEVIEW INTERNATIONAL INC.  The defendant

will provide to the Court and to the United States written evidence that Oleg Nayandin is authorized to plead guilty to the felony charge contained in this Agreement, and to enter into and comply with all provisions of this Agreement. The written evidence shall further certify that Oleg Nayandin is authorized to take these actions on behalf of the defendant corporation, and that all corporate formalities, including but not limited to, approval by the defendant's directors, if any, required for such authorization, have been observed.

The defendant agrees that it has the full legal right, power, and authority to enter into and perform all of its obligations under this Agreement.

The government enters into this Agreement based on the individual facts and circumstances presented by this case, including:

a. The nature and seriousness of the offense conduct, as described in the Statement of Facts attached as Attachment A to this Agreement, which includes multiple schemes to transship goods from the United States to Russia in violation of ECRA, which violations undermined the national security and foreign policy goals of the EAR Russia Sanctions;

b. The defendant did not receive voluntary disclosure credit pursuant to the United States Sentencing Guidelines ("U.S.S.G.") because it did not voluntarily and timely disclose to the United States the conduct described in the Statement of Facts;

c. The defendant did not receive credit for cooperation under U.S.S.G. § 8C2.5(g)(2), because after becoming aware the defendant did not cooperate with the investigation;

d. The defendant has agreed to affirmatively accept responsibility for its criminal conduct by entering into this Agreement;

e. The defendant has agreed to the entry of a suspended temporary order by the Director of the Office of Export Enforcement in the United States Department of Commerce, Bureau of Industry and Security ("BIS"), denying the defendant's export privileges and has agreed to abide by the terms of the settlement agreement between the defendant and BIS;

f. The defendant met its burden of establishing an inability to pay the $600,000 criminal fine sought by the government, despite agreeing that the proposed amount, which is twice the defendant's gross gain from

2

exporting the approximately $6,000,000 worth of goods charged in Count One of the Indictment, was otherwise appropriate based on the law and the facts, and provided information and documents in response to the government's inquiries. Based on the information and documents provided by the defendant, the government conducted an independent ability to pay analysis, considering a range of relevant factors, including but not limited to: (i) the factors outlined in 18 U.S.C. § 3572 and Sentencing Guidelines § 8C3.3(b); (ii) the defendant's current financial condition; and (iii) the defendant's alternative sources of capital. Based on that independent analysis, the government determined that paying a criminal fine greater than $125,000 over the three-year term of probation under Section 6 of this Agreement would substantially threaten the continued viability of the defendant. Accordingly, after considering these facts and circumstances, the government has determined that a criminal fine of $125,000 is sufficient but not greater than necessary to achieve the purposes described in 18 U.S.C. § 3553.

The defendant agrees to abide by all terms and obligations of this Agreement as described herein, including the following:

a.    to plead guilty as set forth in this Agreement;

b.    to abide by all sentencing stipulations contained in this Agreement;

c.    to appear, through its duly appointed representatives, as ordered for all court appearances;

d.    to commit no further crimes;

e.    to be truthful at all times; and

f.    to pay any criminal fine, forfeiture, restitution, and special assessment as determined by the Court.

### 3.    Factual Basis for the Plea

The defendant will plead guilty because the defendant is in fact guilty of the charged offense. The defendant agrees and stipulates that it is responsible for the acts of its officers and employees described in the Statement of Facts filed with the Agreement, and that the Statement of Facts accurately reflects its criminal conduct. The defendant admits the facts set forth in the Statement of Facts and agrees that those facts establish guilt of the offense charged beyond a

3

reasonable doubt. The Statement of Facts, which is hereby incorporated into this Agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(c) of the Sentencing Guidelines.

4. **Assistance and Advice of Counsel**

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this Agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

a.    the right to plead not guilty and to persist in that plea;

b.    the right to a jury trial;

c.    the right to be represented by counsel—and, if necessary, have the court appoint counsel—at trial and at every other stage of the proceedings; and

d.    the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

5. **Applicable United States Sentencing Guidelines Provisions**

The defendant agrees that, pursuant to Title 18, United States Code, Section 3571(d), this Court is authorized to impose a fine of $1,000,000 or twice the gross pecuniary gain or loss from the offense in this case, and the defendant knowingly, intelligently, and voluntarily waives any constitutional or statutory objection to the imposition of such a fine. The parties agree that pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the Court must determine an advisory sentencing Guideline Range under the United States Sentencing Guidelines. The Court will then determine a reasonable sentence within the statutory range after considering the advisory sentencing guideline range and the factors listed in Title 18, United States Code, Section 3553(a).

Under paragraph 6 of this Agreement below, the parties have stipulated to the appropriate fine pursuant to U.S.S.G. § 8C2.10, 18 U.S.C. §§ 3553 and 3572.

The United States and the defendant have not agreed on any further issues related to the applicability of Sentencing Guidelines provisions other than those set forth above or elsewhere in this Agreement.

6.    **Agreed Sentence Pursuant to Rule 11(c)(1)(C)**

<u>Criminal Fine</u>. Assuming the defendant accepts responsibility as outlined in this Agreement, the parties will agree to the imposition of a fine in the amount of $125,000 payable to the Clerk of Court for the United States District Court for the Eastern District of Virginia. Should the defendant elect to make payments by wire transfer, such wire transfer shall list as the beneficiary the U.S. District Courts - Eastern District of Virginia, or such other entity as specified in wire transfer instructions from the Clerk. The defendant acknowledges that no tax deduction may be sought in connection with the payment of any part of this fine. The parties agree that the fine amount shall be paid according to the following schedule:

a.    The defendant shall make its first installment payment of $5,000 within ten business days of the date of sentencing;

b.    Every three months following the date of sentencing and until the total fine amount has been paid in full, the defendant shall make an additional installment payment of $10,000, each installment payment to be accompanied by an additional amount in interest, which interest payments shall be calculated pursuant to 18 U.S.C. § 3612(f)(2).

The parties agree not to seek any adjustments to, or departures from, the agreed upon criminal fine payment of the principal amount of $125,000, plus interest, nor to the schedules for the payment for the criminal fine as set forth in this Agreement.

<u>Mandatory Special Assessment:</u>

Within ten business days of the time of sentencing, the defendant agrees to pay a mandatory special assessment of $400 per felony count of conviction, pursuant to 18 U.S.C. § 3013(a)(2)(B).

<u>Probation:</u>  Pursuant to 18 U.S.C. § 3561(c)(1), the parties agree to request that the Court impose on the defendant a term of probation ending three years from the date of sentencing.  In addition to the applicable mandatory conditions of probation required by 18 U.S.C. § 3563(a)(1) and U.S.S.G. § 8D1.3(a), the parties agree that, pursuant to 18 U.S.C. § 3563(b)(22), the following discretionary conditions of probation are appropriate in this case, and they further agree to request that the Court order them as conditions of the defendant's term of probation:

(1) The defendant shall fully comply with the terms of, and perform its obligations under this Agreement;

(2) The defendant shall fully comply with the terms of paragraph 7 of this Agreement ("Ongoing Cooperation, Disclosure Requirements, and Corporate Compliance Program").

\* \* \*

Because this Agreement is made under Rule 11(c)(l)(C) of the Federal Rules of Criminal Procedure, the defendant understands that, if the Court accepts this Agreement, the Court will be bound by its terms. If, however, the Court rejects this Agreement and does not agree to impose the specific sentence as agreed to by the parties herein, neither the United States nor the defendant shall be obligated to proceed under the terms of this Agreement, each shall be restored to their full rights, claims and defenses without prejudice and neither shall be bound by any

statement contained in the Statement of Facts. For avoidance of doubt, in that circumstance, none of the waiver provisions of this Agreement shall operate against the defendant.

The United States and the defendant understand that the Court retains complete discretion to accept or reject the recommended sentence provided for in this Agreement. If the Court does not accept the recommended sentence, the parties agree that this Agreement shall be rendered void. If the Court does not accept the recommended sentence, the parties agree that the defendant shall be free to withdraw its guilty plea pursuant to Fed. R. Crim. P. 11(c)(5) and (d). If the defendant withdraws its pleas of guilty because the Court does not accept the recommended sentence, the parties agree that this Agreement, the Statement of Facts, the guilty plea, and any statement made in the course of plea discussions with an attorney for the United States shall not be admissible against the defendant in any criminal or civil proceeding, except as otherwise provided in Fed. R. Evid. 410.

7.    **Ongoing Cooperation, Disclosure Requirements, and Corporate Compliance Program**

The defendant shall cooperate fully with the United States in any and all matters relating to the conduct described in this agreement and the Statement of Facts during the defendant's term of probation.  The defendant agrees that its cooperation under this paragraph shall include the following:

(1) The defendant's officers and employees, including Oleg Nayandin and Vitaliy Borisenko, shall complete export compliance training within three months from the date this agreement is accepted by the Court, and shall complete export compliance training annually during the three-year probationary period for a total of three compliance trainings. Before the defendant's officers and employees attend a compliance training course or program, the defendant shall notify the Office of Export Enforcement, Special Agent in Charge of the

7

Washington Field Office, of the course or program they have selected to attend. No later than one month after attending the compliance training course or program, the defendant shall submit a certification of attendance from the training provider to the Office of Export Enforcement, Washington Field Office, 45610 Woodland Road, Suite 425, Sterling, VA 20166.

(2) The defendant shall not commit or attempt to commit any crimes before sentence is imposed. The defendant also agrees not to intentionally provide false information to the Court, the Probation Office, or the government; and not to fail to comply with any of the other promises the defendant has made in this agreement.

(3) Beginning six calendar months from the date of the defendant's sentencing and every six months during the term of probation, the defendant, by the defendant's President and Chief Executive Officer, or an executive officer substantively responsible for the defendant's operations, will certify to the United States, in the form of executing the document attached as Attachment B to this Plea Agreement, that the defendant has complied with its obligations under this Agreement. Each certification will be deemed a material statement and representation by the defendant to the executive branch of the United States for purposes of 18 U.S.C. §§ 1001 and 1519 and 50 U.S.C. § 4819(a)(2)(F), and it will be deemed to have been made in the judicial district in which this Agreement is filed.

**8.    Return of Property**

Within sixty days of sentencing, the government agrees to return property seized from the defendant pursuant to Search Warrants 1:23-SW-328 and 1:24-SW-580 ("Seizure Warrants"). Within thirty days of selling, transferring, returning, giving, or otherwise disposing of any property seized pursuant to the Seizure Warrants, the defendant must give notice to the Bureau of Industry and Security with information regarding: (1) the date of disposition; (2) a description of

the item(s) and quantity of items disposed of; (3) the recipient of any property, including name, address, and contact information; (4) and the value the defendant received for each item of property. Each notice will be deemed a material statement and representation by the defendant to the executive branch of the United States for purposes of 18 U.S.C. §§ 1001 and 1519 and 50 U.S.C. § 4819(a)(2)(F), and it will be deemed to have been made in the judicial district in which this Agreement is filed. Within thirty days of providing the notice to the Bureau of Industry and Security, the defendant agrees to place any moneys received through this process towards the monetary penalties imposed in their case including any special assessments, fines, and forfeiture judgments.

### 9.    Prosecution of Oleg Nayandin and Vitaliy Borisenko

The government will abide by this agreement conditioned on the entrance, and the acceptance by the Court, of a guilty plea by Oleg Nayandin and Vitaliy Borisenko, who are charged as the defendant's co-defendants in the Indictment in Case No. 1:25-CR-46-LMB.

### 10.    Payment of Monetary Penalties

The defendant understands and agrees that, pursuant to 18 U.S.C. §§ 3613 and 3572, all monetary penalties imposed by the Court, including restitution, will be due immediately and subject to immediate enforcement by the United States as provided for in § 3613. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. Until all monetary penalties are paid in full, the defendant will be referred to the Treasury Offset Program so that any federal payment or transfer of returned property to the defendant will be offset and applied to pay the defendant's unpaid monetary penalties. If the defendant is incarcerated, the defendant agrees to

9

participate voluntarily in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The defendant agrees to make good-faith efforts toward payment of all monetary penalties imposed by the Court.

## 11.   Forfeiture Agreement

The defendant understands that the forfeiture of assets is part of the sentence that must be imposed in this case. The defendant agrees to forfeit all interests in any export control-related asset that the defendant owns or over which the defendant exercises control, directly or indirectly. This includes any property that is traceable to, derived from, fungible with, or a substitute for the following: property that constitutes the proceeds of the offense, property facilitating the offense, property constituting an item or technology that is exported or intended to be exported in violation of the offense.

The defendant understands that if the assets subject to forfeiture are not available to the United States to be forfeited, the Court must enter a forfeiture money judgment in the amount of the unavailable assets. *United States v. Blackman*, 746 F.3d 137 (4th Cir. 2014). The defendant acknowledges that as a result of defendant's acts or omissions, the actual proceeds the defendant obtained as a result of the offense ($480,000) are not available and the defendant stipulates that one or more of the factors listed at 21 U.S.C. § 853(p)(1) are present in this case.

The defendant further agrees to waive all interest in the asset(s) in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the

forfeiture in the judgment. Defendant admits and agrees that the conduct described in the charging instrument and Statement of Facts provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.

### 12. Waiver of Further Review of Forfeiture

The defendant further agrees to waive all constitutional and statutory challenges to forfeiture in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J). The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant understands and agrees that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, property constituting an item or technology for illegal export, and a substitute for any of the foregoing.

### 13. The Defendant's Obligations Regarding Assets and Financial Investigation

The defendant agrees to fully participate in the United States' pre- and post-judgment financial investigation. Such participation includes the identification of assets in which the defendant has any legal or equitable interest to determine what assets may be available for payment to restitution, forfeiture, and/or any fine imposed in this case. The defendant agrees that the defendant's financial information is subject to investigation and disclosure pre-judgment to the same extent as financial information will be subject to discovery after judgment is imposed. The defendant understands that 31 U.S.C. § 3711(h)(1) permits the United States to obtain the

defendant's credit report after sentencing and expressly authorizes the United States to obtain the defendant's credit report prior to sentencing in this case. The defendant understands that the United States has sole discretion over whether it will obtain defendant's credit report pursuant to this Plea Agreement. If the United States determines that it will obtain defendant's credit report prior to sentencing pursuant to this Plea Agreement, the defendant authorizes the United States, and the United States agrees, to provide a copy to defense counsel upon request. The defendant understands that failure to participate in the financial investigation as described in this paragraph may constitute the defendant's failure to accept responsibility under U.S.S.G § 3E1.1.

Within 14 days of a request by the United States, or other deadline agreed upon by the parties, the defendant agrees to provide all information about all of the defendant's assets and financial interests to the United States and the Probation Office and, if requested, submit to a debtor's examination, complete a financial disclosure statement under penalty of perjury, and/or undergo any polygraph examination the United States may choose to administer concerning such assets and financial interests. The defendant also agrees to provide or consent to the release of the defendant's tax returns for the previous five years. The defendant understands that assets and financial interests subject to disclosure include assets owned or held directly or indirectly, individually or jointly, in which the defendant has any legal interests, regardless of title, including any interest held or owned under any other name, trusts, and/or business entities presently and since date of the first offense giving rise to this Plea Agreement, or giving rise to the charges presently pending against the defendant, whichever is earlier.

The defendant shall identify all assets valued at more than $5,000 that have been transferred to third parties since the date of the first offense giving rise to this Plea Agreement, including the location of the assets and the identities of third parties to whom they were

transferred. The defendant agrees not to transfer any assets valued at more than $5,000 without approval of the Asset Recovery Unit of the U.S. Attorney's Office until the fine, forfeiture, and restitution ordered by the Court at sentencing are paid in full or otherwise terminated by operation of law. The defendant agrees to take all steps requested by the United States to obtain from any other parties by any lawful means any records of assets contemplated by this paragraph in which the defendant has or had an interest. Until the fine, forfeiture, and restitution ordered by the Court are paid in full or otherwise terminated by operation of law, the defendant agrees to notify the Asset Recovery Unit of the U.S. Attorney's Office of a change in address within 30 days of such change.

The United States will not use any truthful and complete information provided by the defendant pursuant to this paragraph for additional criminal offenses against the defendant in the Eastern District of Virginia, except in any prosecution for a crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence (as defined in 18 U.S.C. § 16). Pursuant to U.S.S.G. § 1B1.8, no truthful information that the defendant provides pursuant to defendant's obligations under this paragraph will be used in determining the applicable guideline range, except as provided in Section 1B1.8(b). Nothing in this agreement, however, restricts the Court's or Probation Officer's access to information and records in the possession of the United States. Furthermore, nothing in this agreement prevents the United States in any way from prosecuting the defendant should the defendant knowingly provide false, untruthful, or perjurious information or testimony, or from using information provided by the defendant in furtherance of any forfeiture action or restitution enforcement action, whether criminal or civil, administrative or judicial.

### 14.    Waiver of Appeal, FOIA, and Privacy Act Rights

The defendant also understands that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatsoever other than an ineffective assistance of counsel claim that is cognizable on direct appeal, in exchange for the concessions made by the United States in this Agreement. This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

### 15.    Immunity from Further Prosecution in This District

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the Indictment or Statement of Facts. This Plea Agreement and Statement of Facts is binding only upon the United States Attorney's Office for the Eastern District of Virginia and the Counterintelligence and Export Control Section of the National Security Division of the U.S. Department of Justice, and it does not confer on the defendant any immunity from prosecution by any component of the United States Department of Justice other than the United States Attorney's Office for the Eastern District of Virginia or the Counterintelligence and Export Control Section of the National Security Division, or by any state or local government in the United States.

16.    **Dismissal of Other Counts**

As a condition of the execution of this agreement and the Court's acceptance of the defendant's plea of guilty, the United States will move to dismiss the remaining counts pending against this defendant at the conclusion of this defendant's sentencing hearing.

17.    **Breach of the Plea Agreement and Remedies**

This Agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this Agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this Agreement, or commits or attempts to commit any additional federal, state, or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this Agreement, then:

   a.    The United States will be released from its obligations under this agreement. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement.

   b.    The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense.

   c.    Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the Statement of Facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines, or any other provision of the Constitution or federal law.

     d.     The defendant expressly acknowledges and incorporates by reference the Statute of Limitations Tolling Agreement dated April 19, 2024 and the First Extension to the Statue of Limitations Tolling Agreement dated June 28, 204, that have previously been entered into between the defendant and the United States; and

     e.     The defendant waives any and all objections to service of process and attachment of personal jurisdiction, and agrees to appear as ordered by this Court in any criminal, civil, or administrative action arising from a breach of this Agreement, including any proceeding to determine whether this Agreement has been breached or whether the defendant has violated any term of the organizational probation imposed by the Court.

The determination whether the defendant has breached the Agreement and whether to pursue prosecution of the defendant shall be in the sole discretion of the United States.

In the event that the defendant fails to appear as ordered by this Court in any criminal, civil, or administrative action arising from the breach of this Agreement, including any proceeding to determine whether the defendant has violated any term of the organizational probation imposed by the Court, the defendant agrees to waive its right to contest any judgment or sanction entered against it as a result of its non-appearance.

## 18.   Nature of the Agreement and Modifications

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this Agreement or any associated documents filed with the Court, to cause the defendant to plead guilty. Any modification of this Agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

**SEEN AND AGREED:**

**ELEVIEW INTERNATIONAL INC.:**

Date: 10. 22. 2025                    By: _____
                                           Oleg Nayandin
                                           President and Chief Executive Officer
                                           Eleview International Inc.

Date: 22 October 2025                 By: _____
                                           Greg Hunter
                                           Counsel for Eleview International Inc.

**FOR THE UNITED STATES ATTORNEY'S OFFICE:**

                                           Lindsey Halligan
                                           United States Attorney
                                           Eastern District of Virginia

Date: October 22, 2025                By: _____
                                           Gavin R. Tisdale
                                           Sehar Sabir
                                           Assistant United States Attorneys

**FOR THE COUNTERINTELLIGENCE AND EXPORT CONTROL SECTION:**

                                           SCOTT M. LARA
                                           Acting Chief
                                           Counterintelligence and Export Control
                                           Section
                                           National Security Division
                                           U.S. Department of Justice

Date: 10/22/2025                      By: _____
                                           Garrett Coyle
                                           Trial Attorney

## U. S. DEPARTMENT OF JUSTICE
### Statement of Special Assessment Account

This statement reflects your Special Assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INFORMATION | |
|---|---|
| CRIM. ACTION NO.: | 1:25-CR-46-LMB |
| DEFENDANT'S NAME: | ELEVIEW INTERNATIONAL INC. |
| PAY THIS AMOUNT: | $400.00 |

INSTRUCTIONS:

1. **MAKE CHECK OR MONEY ORDER PAYABLE TO:**

   CLERK, U.S. DISTRICT COURT

2. **PAYMENT MUST REACH THE CLERK'S OFFICE BEFORE YOUR SENTENCING DATE.**

3. **PAYMENT SHOULD BE SENT TO:**

| | In-Person (9 AM to 4 PM) | By Mail: |
|---|---|---|
| **Alexandria Cases:** | | Clerk, U.S. District Court<br>401 Courthouse Square<br>Alexandria, VA 22314 |
| **Richmond Cases:** | | Clerk, U.S. District Court<br>701 East Broad Street, Suite 3000<br>Richmond, VA 23219 |
| **Newport News Cases:** | | Clerk, U.S. District Court<br>2400 West Ave., Suite 100<br>Newport News, VA 23607 |
| **Norfolk Cases:** | | Clerk, U.S. District Court<br>600 Granby Street<br>Norfolk, VA 23510 |

4. **INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER.**
5. **ENCLOSE THIS COUPON TO ENSURE PROPER AND PROMPT APPLICATION OF PAYMENT.**

5

## ATTACHMENT B: DISCLOSURE CERTIFICATION

To:    U.S. Attorney's Office
Eastern District of Virginia
Attention: Chief, National Security Unit

U.S. Department of Justice
National Security Division
Counterintelligence and Export Control Section
Attention: Chief of the Counterintelligence and Export Control Section

Re:    Plea Agreement Disclosure Certification

The undersigned certifies, pursuant to the plea agreement ("the Agreement") filed on

October 28, 2025, in the United States District Court for the Eastern District of Virginia, by and

between the United States of America and Eleview International Inc. (the "Company"), that

undersigned is aware of the Company's training and compliance obligations of the Agreement

("Ongoing Cooperation, Disclosure Requirements, and Corporate Compliance Program") and

that the Company has fully complied with those obligations.  The undersigned further

acknowledges and agrees that the training and compliance requirements and the representations

contained in this certification constitute a significant and important component of the Agreement

and of the United States' determination whether the Company has satisfied its obligations under

the Agreement.

The undersigned hereby certifies that they are an Officer of the Company that has been

duly authorized by the Company to sign this Certification on behalf of the Company.

This Certification shall constitute a material statement and representation by the

undersigned and by, on behalf of, and for the benefit of, the Company to the executive branch of

the United States for purposes of 18 U.S.C. § 1001, and such material statement and

representation shall be deemed to have been made in the Eastern District of Virginia.  This

Certification shall also constitute a record, document, or tangible object in connection with a

matter within the jurisdiction of a department and agency of the United States for purposes of 18

U.S.C. § 1519 and 50 U.S.C. § 4819(a)(2)(F), and such record, document, or tangible object shall

be deemed to have been made in the Eastern District of Virginia.

Date: _10 . 22 . 2025_

Name (Signed): _Oleg Nagardin_
Name (Printed): _Oleg Nagardin_
Title: _President_
Eleview International Inc.

2

## OFFICER'S CERTIFICATE: ELEVIEW INTERNATIONAL INC.

I have read this Agreement and carefully reviewed every part of it with counsel for ELEVIEW INTERNATIONAL INC. ("ELEVIEW"). I understand the terms of this Agreement and voluntarily agree, on behalf of ELEVIEW to each of its terms. Before signing this Agreement on behalf of ELEVIEW, I consulted with counsel for ELEVIEW. Counsel fully advised me of ELEVIEW's rights, possible defenses, the sentencing guidelines provisions, and the consequences of entering into this Agreement.

No promises or inducements have been made other than those contained in this Agreement. Furthermore, no one has threatened or forced me to enter into this Agreement. I am also satisfied with counsel's representation in this matter.

I certify that I am an officer of ELEVIEW and that I have been duly authorized by ELEVIEW to approve and execute this Agreement on its behalf, and to undertake all actions necessary and appropriate to perform or satisfy ELEVIEW's obligations thereunder.

Date: _10.22.2025_

ELEVIEW INTERNATIONAL INC.

By: _____
Oleg Nayandin
President and Chief Executive
Officer
Eleview International Inc.

3

## CERTIFICATE OF COUNSEL

We are counsel for ELEVIEW INTERNATIONAL INC. ("ELEVIEW") in the matter covered by this Agreement. In connection with such representation, we have examined relevant ELEVIEW documents and have discussed this Agreement with ELEVIEW's President and Chief Executive Officer.  We have fully advised him of ELEVIEW's rights, possible defenses, the sentencing guidelines provisions, and the consequences of entering into this Agreement.

This Agreement has been duly and validly authorized, executed, and delivered on behalf of ELEVIEW and is a valid and binding obligation of ELEVIEW. To my knowledge, ELEVIEW's decision to enter into this Agreement is an informed and voluntary one.

Date: 22 October 2025                    By: _____
                                              Greg Hunter
                                              Counsel to Eleview International Inc.

4